Memorandum opinion issued February 13, 2003







 

In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00827-CV

____________


IN THE MATTER OF B.K.M.






On Appeal from the County Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 7637A






MEMORANDUM OPINION


 This is an appeal under the Juvenile Justice Code from a judgment of
delinquency and order of commitment to the Texas Youth Commission signed on July
11, 2002. The requirements governing this appeal are as in civil cases generally,
except as may otherwise be provided by the Juvenile Justice Code. See Tex. Fam.
Code Ann. § 56.01(b). On July 18, 2002, appellant timely filed a notice of appeal
with a request for appointment of an attorney on appeal. On July 26, 2002, appellant
turned 18 years of age. The clerk's record was filed on September 9, 2002. The
reporter's record has not been filed because no one has made payment arrangements.

 In response to the request for appointment of appellate counsel, the juvenile
court held an indigency hearing on August 9, 2002. The juvenile court found that,
although appellant was indigent, no appointment of counsel was necessary because
appellant's parents stated under oath in open court at the hearing that they were not
indigent and had employed appellate counsel for appellant. On August 19, 2002, the
juvenile court signed an order granting the motion of appellant's trial counsel to
withdraw as attorney of record. However, no attorney has made an appearance in this
Court on behalf of appellant.

 On November 7, 2002, we abated this appeal and remanded the cause to the
trial court for it to hold a hearing and determine whether appellant and his parents are
indigent, and for entry of an appropriate order to ensure appellant received appellate
counsel and a reporter's record. Pursuant to our order, a hearing was held in the trial
court on December 27, 2002, and a reporter's record of that hearing and the trial
court's written order have been received by the clerk of this Court.

 This Court holds that, at the hearing held on December 27, 2002, the right to
appeal granted to appellant by the Juvenile Justice Code was validly waived under
section 51.09 of the Texas Family Code. The waiver was made by appellant and the
attorney for appellant; appellant and the attorney waiving the right were informed of
and understood the right and the possible consequences of waiving it; the waiver was
voluntary; and the waiver was made in writing and in court proceedings that were
recorded. See Tex. Fam. Code Ann. § 51.09 (Vernon 2002).

 No written motion to withdraw the appeal has been filed. See Tex. R. App. P.
42.1. However, we find that good cause exists to suspend the operation of Rule 42.1
in this case pursuant to the authority bestowed upon the Court under Rule 2. See
Tex. R. App. P. 2. Accordingly, this appeal is dismissed. The Clerk is directed to
issue mandate within 10 days of the date of this opinion. Tex. R. App. P. 18.1.PER CURIAM

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.